763 A.2d 813

NATIONWIDE MUTUAL INSURANCE COMPANY

v.

Deborah L. WICKETT and James Pesce, Co–Administrators of the Estate of John Richard Pesce and Deborah L. Wickett and James A. Pesce, Individually and in their Own Right as the Surviving Natural Children and Next of Kin of John Richard Pesce, Deceased

v.

Huron Insurance Company.

Appeal of Huron Insurance Company.

Walter Robert Hollobaugh and Ruth A. Hollobaugh

v.

Louis Pesce, Pesce Metal Fabricating Inc., Wilbert McMillen, Jr., State Farm Mutual Automobile Insurance and Huron Insurance Company.

Appeal of Huron Insurance Company.

Deborah L. Wickett and James A. Pesce, Co Administrators of the Estate of John Richard Pesce and Deborah L. Wickett and James A. Pesce, Individually and in their Own Right as the Surviving Natural Children and Next of Kin of John Richard Pesce, Deceased

v.

Louis Pesce Individually and as Agent, Servant and Employee of Pesce Metal Fabricating Inc., Pesce Metal Fabricating Inc., A Business Corporation, Wilbert McMillen, Nationwide Mutual Insurance Company and Huron Insurance Company.

Appeal of Huron Insurance Company.

Supreme Court of Pennsylvania.

Argued March 6, 2000.

Decided Dec. 22, 2000.

Brian S. Kane, Pamela G. Cochenour, Pittsburgh, for Huron Ins. Co.

Gerard R. Sorg, Ridgway, for Deborah L. Wickett and James A. Pesce.

Richard A. Masson, Ridgway, for Walter & Ruth Hollobaugh.

Richard W. Mutzabaugh, Bradford, Gregory S. Olsavick, Altoona, for Nationwide Mut. Ins. Co.

William C. Wagner, Erie, for State Farm.

Edwin Allen Young, Pittsburgh, Marceline A. Lavelle, for McMillen.

Before FLAHERTY, C.J., and ZAPPALA, CAPPY, CASTILLE, NIGRO, NEWMAN and SAYLOR, JJ.

## *OPINION*

NIGRO, Justice.

We granted allowance of appeal in order to consider whether the Superior Court erred in finding that the trial court's orders sustaining preliminary objections in the nature of demurrers in actions brought pursuant to the Declaratory Judgment Act[1] were not immediately appealable final orders pursuant to Pa.R.A.P. 341(b)(2). For the reasons that follow, we reverse.

1. 42 Pa.C.S. §§ 7531 *et seq.*

The facts and somewhat convoluted procedural history underlying the instant appeal are as follows: On March 8, 1994, John Pesce, Walter Hollobaugh and Louis Pesce, employees of Pesce Metal Fabricating (PMF), were involved in a car accident while acting in the scope of their employment. The vehicle in which they were traveling, which was owned by PMF and was being operated by Louis Pesce, crossed the center line and collided with a vehicle being operated by Wilbert C. McMillen. John Pesce (the decedent) died as a result of the accident, while Walter Hollobaugh and Louis Pesce sustained non-fatal injuries. The decedent and Walter Hollobaugh were covered by individual automobile liability insurance policies. PMF was covered by an automobile liability insurance policy with Appellant Huron Insurance Company (Huron), which included underinsured motorist coverage.

Walter Hollobaugh and the two surviving children of the decedent[2] (decedent's estate) filed two separate actions against Louis Pesce, PMF, Wilbert C. McMillen, Huron and their individual first party automobile insurance carriers. Each of their complaints sought a declaration of their rights with respect to the defendants, and specifically sought a declaration that the Workers' Compensation Act[3] did not prohibit them from recovering underinsured benefits from Huron. Huron, PMF and Louis Pesce filed preliminary objections in the nature of a demurrer in both actions. In the demurrers, Huron argued that the exclusivity provisions of the Workers' Compensation Act, in conjunction with relevant portions of the Motor Vehicle Financial Responsibility Law[4] in effect at the time of the accident, specifically precluded employees who had been injured in the course and scope of their employment from recovering underinsured motorist benefits from their employer's insurer. Likewise, PMF and Louis Pesce argued in the demurrers that the Workers' Compensation Act precluded recovery in a civil action against employers

**2.** The decedent's children filed the action as co-administrators of his estate and in their own right as his surviving natural children.

**3.** 77 P.S. §§ 1 *et seq.*

**4.** 75 Pa.C.S. §§ 1701 *et seq.*

and co-employees for injuries sustained in the course and scope of employment. On September 9, 1996, the trial court entered orders sustaining the preliminary objections and dismissed the complaints as to Huron, PMF and Louis Pesce. The trial court's orders dismissing Huron, PMF and Louis Pesce from each case were docketed on September 20, 1996. No exceptions, motions for reconsideration or appeals were filed regarding them.

On December 11, 1996, Nationwide Insurance Company (Nationwide), the decedent's individual automobile insurance carrier, filed a declaratory judgment action seeking a declaration, *inter alia*, that the coverage available to the decedent under the Huron policy and under the Workers' Compensation Act precluded the decedent's estate from recovering uninsured or underinsured benefits under the decedent's Nationwide policy. On January 7, 1997, the decedent's estate filed an answer and counterclaim. Three days later, on January 10, 1997, the decedent's estate filed a complaint to join Huron as an additional defendant in the Nationwide action based on the Superior Court's then newly-issued decision in *Warner v. Continental/CNA Ins. Cos.*, 455 Pa.Super. 295, 688 A.2d 177 (1996), in which the court held that the exclusivity provisions of the Workers' Compensation Act did not preclude an injured employee from recovering underinsured benefits under his employer's liability insurance policy.[5] Huron filed preliminary objections, seeking dismissal of the complaint to join based on the doctrines of res judicata and collateral estoppel. By opinion and order dated October 29, 1997, the trial court denied Huron's preliminary objections to the joinder complaint in the Nationwide declaratory judgment action. That same day, the trial court entered two separate orders, *sua sponte*, in the declaratory judgment actions filed by Hollobaugh and the decedent's estate reversing its September 9, 1996 orders sustaining Huron's preliminary objections. By way of explanation, the trial court's opinion indicated that Huron's prelimi-

5. The complaint to join filed by the decedent's estate also included a request that the trial court reverse its September 9, 1996 order granting Huron's preliminary objections based on the Superior Court's holding in *Warner*.

nary objections in the nature of a demurrer were no longer valid in light of the Superior Court's decision in *Warner*. Huron filed motions requesting reconsideration or, in the alternative, that the trial court's orders be amended pursuant to 42 Pa.C.S. § 702(b) to permit immediate appeals. On November 13, 1997, the trial court denied Huron's motions for reconsideration, but granted its motions to amend its October 29, 1997 orders, thereby facilitating immediate appeals to the Superior Court.

Huron filed three separate Petitions for Permission to Appeal to the Superior Court from the trial court's October 29, 1997 orders, as amended on November 13, 1997. The Superior Court granted all three Petitions on January 16, 1998, and later consolidated the appeals. Thereafter, on December 22, 1998, the Superior Court entered an order and memorandum opinion affirming all three of the trial court's October 29, 1997 orders as amended on November 13, 1997.

On appeal to this Court, Huron argues that the Superior Court erred in affirming the trial court's October 29, 1997 orders because the trial court had no jurisdiction to enter them. Specifically, Huron contends that the trial court's September 9, 1996 orders sustaining Huron's preliminary objections in the nature of a demurrer constituted immediately appealable final orders pursuant to Pa.R.A.P. 341(b)(2) and 42 Pa.C.S. § 7532. Thus, Huron posits that the trial court was without jurisdiction to reconsider them more than thirty days after their entry. *See* 42 Pa.C.S. § 5505. We agree, and therefore reverse the Superior Court.

Pursuant to Pa.R.A.P. 341(b)(2), an order is final if it is expressly so defined by a statute.[6] Huron argues that the

---

**6.** In their brief to this Court, Appellees argue that for an order to be considered final pursuant to Pa.R.A.P. 341(b)(2), it must dispose of all claims and of all parties. Appellees' argument is misplaced, as it ignores the plain language of Pa.R.A.P. 341(b). Pa.R.A.P. 341(b) provides as follows:

(b) Definition of Final Order. A final order is any order that:
(1) disposes of all claims and of all parties; *or*
(2) any order that is expressly defined as a final order by statute; *or*

trial court's orders of September 9, 1996 constituted final orders under Pa.R.A.P. 341(b)(2) because they were expressly so defined pursuant to Section 7532 of the Declaratory Judgment Act, 42 Pa.C.S. § 7532. Section 7532 provides that:

> Courts of record, within their respective jurisdictions, shall have the power to declare rights, status, and other legal relations whether or not further relief is or could be claimed. No action or proceeding shall be open to objection on the ground that a declaratory judgment or decree is prayed for. The declaration may be either affirmative or negative in form and effect, and such declarations shall have the force and effect of a final judgment or decree.

42 Pa.C.S. § 7532. There can be no disputing that Section 7532 defines any order in a declaratory judgment action that either affirmatively or negatively declares "rights, status, and other legal relations" as a final order. Thus, we must determine whether the trial court's September 9, 1996 orders granting Huron's preliminary objections in the nature of a demurrer either affirmatively or negatively declared the rights of the parties. If the orders at issue did in fact affirmatively or negatively declare the rights of the parties, then they constituted immediately appealable final orders pursuant to Pa.R.A.P. 341(b)(2). If no such declarations were made, then the orders were merely interlocutory, and the trial court retained jurisdiction to reconsider them.

■ As a general matter, preliminary objections in the nature of a demurrer allege that a pleading is, quite simply, legally insufficient. Pa.R.C.P. 1028(a)(4). Huron's preliminary objections in the underlying declaratory judgment ac-

---

(3) any order entered as a final order pursuant to subdivision (c) of this rule.

Pa.R.A.P. 341(b) (emphasis added). As this Court previously stated in *General Accident Ins. Co. of Am. v. Allen*, 547 Pa. 693, 692 A.2d 1089 (1997), the plain language of Pa.R.A.P. 341(b) provides that "an order is final and appealable if it disposes of all claims *or* if a statute expressly defines it as final." *Id.* at 705, 692 A.2d at 1095 (emphasis in original). Thus, Appellees' contention that the trial court's September 9, 1996 orders cannot be considered final orders pursuant to Pa.R.A.P. 341(b)(2) because they did not dispose of all parties and all claims is without merit.

tions alleged that the Workers' Compensation Act provided the exclusive remedy available to Hollobaugh and the decedent's estate, and that relevant portions of the Motor Vehicle Financial Responsibility Law in effect at the time of the accident specifically precluded recovery of underinsured motorist benefits from an employer or the employer's automobile insurer. By granting the preliminary objections, the trial court essentially concluded that there was no legal basis upon which Hollobaugh or the decedent's estate could recover underinsured motorist benefits from Huron.[7] In so doing, the trial court effectively declared the legal rights of the parties, notwithstanding Appellees' assertions to the contrary. Nevertheless, the Superior Court concluded that the orders did not meet the definition of declaratory judgments under Section 7532, because the orders failed to explicitly state that a declaratory judgment was being entered against Hollobaugh and the decedent's estate.

The Superior Court read the statutory language from Section 7532 that "[t]he declaration may be either affirmative or negative in form and effect" as requiring the courts to make explicit in their declaratory judgment orders that they are entering a declaratory judgment in favor of or against the requesting party. The Superior Court noted that by reading such a requirement into the above-quoted statutory language, possible confusion over the appealability of such orders would be avoided because declaratory judgment orders not identifying themselves as such would not be considered

7. In its opinion accompanying its September 9, 1996 orders, the trial court stated that: "In substance, plaintiff[s] are asking this Court to determine that the exclusivity provisions of the Worker's [sic] Compensation Act do not extend to automobile insurers of an employer where death or injury occurs in a work-related automobile accident." (Trial Ct. Op., 9/9/96, at 7; R.R. at 43.) Analyzing the merits of Huron's demurrers, the trial court concluded that Hollobaugh and the decedent's estate were not legally entitled to the determination they sought, because the exclusivity provisions of the Workers' Compensation Act, in conjunction with relevant portions of the Motor Vehicle Financial Responsibility Law, precluded them from recovering underinsured motorist benefits from Huron. Accordingly, the trial court granted Huron's preliminary objections in the nature of demurrers and dismissed it from the complaints.

final orders for purposes of Pa.R.A.P. 341(b)(2). However, the plain language of Section 7532 does not support the Superior Court's expansive interpretation of its terms, and the rules of statutory construction do not permit courts to ignore the plain and unambiguous language of a statute in a supposed pursuit of either its spirit or an unstated legislative intent. 1 Pa.C.S. § 1921(b). The language quoted by the Superior Court from Section 7532, given its plain meaning, does not impose any specific requirements on courts seeking to enter declaratory judgment orders. Rather, it affords the courts broad discretion in crafting declaratory judgment orders by permitting such orders to be either affirmative or negative in form and effect. By way of illustration, the trial court's September 9, 1996 orders were affirmative in form, sustaining Huron's preliminary objections in the nature of a demurrer, and therefore dismissing the complaints as to Huron. However, the trial court's orders were decidedly negative in effect, because they declared the rights and duties of the parties under the law adversely to Appellees, the parties originally seeking an affirmative declaration of their rights. That is, the trial court's orders effectively declared that Hollobaugh and decedent's estate had no legal basis upon which to claim underinsured motorist benefits from Huron, and thereby negatively declared their rights.

Section 7532 simply states that an order in a declaratory judgment action that either affirmatively or negatively declares the rights and duties of the parties constitutes a final order. As the above discussion explains, that is exactly what the trial court's September 9, 1996 orders did. Therefore, the trial court's orders constituted final orders pursuant to Pa. R.A.P. 341(b)(2), and the trial court was without jurisdiction to reconsider them more than thirty days after their entry. *See* 42 Pa.C.S. § 5505. Accordingly, we reverse the orders of the Superior Court affirming the trial court's October 29, 1997 orders as amended on November 13, 1997.

Justice SAYLOR files a dissenting opinion.

SAYLOR, Justice, dissenting.

In this appeal, the majority adopts a reasonable, plain-meaning construction of Pennsylvania Rule of Appellate Procedure 341(b)(2) as it relates to the Declaratory Judgments Act, and its reasoning appears to follow from the Court's prior decision in *General Accident Ins. Co. of Am. v. Allen*, 547 Pa. 693, 706–07, 692 A.2d 1089, 1095 (1997). Nevertheless, since the opinion ultimately rests upon an interpretation of the intention of the General Assembly, I am troubled by the absence of any express indication within the Declaratory Judgments Act to the effect that the Legislature wished to alter the usual rules of appealability in the context of declaratory judgment proceedings, as has been included within other enactments when the purpose is as such. *See, e.g.*, 42 Pa.C.S. § 7320 (providing explicitly that appeals may be taken from various interlocutory orders, such as an order denying an application to compel arbitration). Moreover, the primary and direct purpose of the Declaratory Judgments Act, a version of the Uniform Declaratory Judgments Act, was to authorize courts to grant declaratory relief in the face of objections that such relief represented the giving of advisory opinions rather than the adjudication of controversies. *See generally Petition of Kariher*, 284 Pa. 455, 463, 131 A. 265, 268 (1925). As the language of Section 7532 pertaining to the finality of "the declaration" is essential to this central purpose, I would read such language as aligning declaratory judgment jurisprudence with that which applies to civil actions generally, rather than as creating a separate and unique scheme for the appeal of otherwise interlocutory orders in declaratory judgment proceedings.