J-E03005-14

2014 PA Super 275

| | |
|---|---|
| MODERN EQUIPMENT SALES & RENTAL CO., | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellant | |
| v. | |
| MAIN STREET AMERICA ASSURANCE COMPANY, UNITED CONSTRUCTION SERVICES, INC., AND RUICK AND HOLLY ROLLAND, H/W | |
| Appellees | No. 3494 EDA 2012 |

Appeal from the Order Dated November 29, 2012
In the Court of Common Pleas of Chester County
Civil Division at No(s): 11-11713-CT

BEFORE:  BENDER, P.J.E., BOWES, J., PANELLA, J., DONOHUE, J.,
         SHOGAN, J., ALLEN, J., LAZARUS, J., WECHT, J., and STABILE, J.

OPINION BY BENDER, P.J.E.:                    **FILED DECEMBER 15, 2014**

Modern Equipment Sales & Rental Co. (Modern) appeals from the order dated November 29, 2012, denying partial summary judgment to Modern and granting summary judgment to Main Street America Assurance Company (Main Street) in this declaratory judgment action.  Following our review of the record, it is apparent that the order issued by the trial court does not dispose of all relevant claims in this matter.  Therefore, relying upon precedent set forth in *U.S. Orgs. for Bankr. Alts., Inc. v. Dep't of Banking*, 26 A.3d 474 (Pa. 2011) (*Bankruptcy Alternatives*), and *Pa.*

*Bankers Ass'n v. Pa. Dep't of Banking*, 948 A.2d 790 (Pa. 2008) (*Pa. Bankers*), we quash.

In August 2009, United Construction Services, Inc. (UCS) leased a track loader from Modern. Through its agent, Bruce Irrgang, UCS permitted and/or directed Senn Landscaping, Inc. (Senn Landscaping) to use the track loader to remove silt from a pond located on the Irrgang property. Stephen Senn, Jr., a ten-year-old child, operated the track loader. During the course of his operation, the child lost control of the track loader, which struck and injured Ruick Rolland. As a result, Mr. Rolland's left leg was amputated.

A complaint filed on behalf of Mr. Rolland and his wife, Holly Rolland, alleged numerous acts and omissions of negligence, recklessness, and strict liability. The complaint named, *inter alia*, Modern and UCS as defendants.

The lease for the track loader was governed by an agreement, which required UCS "to defend, indemnify and hold harmless Modern" for claims of personal injury for which Modern may be held liable "even if caused in whole or in part by any act, omission or negligence of Modern or any third parties." *See* Modern First Amended Complaint, Exhibit B (Lease), at 2 (unnumbered). Further, the agreement required UCS "to add [Modern] as [an] additional insured on its commercial general liability insurance policy." *Id.*

UCS maintained an insurance policy issued by Main Street. ***See*** Modern First Amended Complaint, Exhibit A (Main Street Policy). The policy afforded coverage to additional insureds, defined as follows:

> Any person(s) or organization(s) who is the lessor of leased equipment leased to you, and required by the lease to be included as an additional insured but only with respect to liability for "bodily injury", "property damage" or "personal use or advertising injury" caused in whole or in part, by your maintenance, operation or use by you of equipment leased to you by such person(s) or organization(s).

Main Street Policy, "Contractors Extension Endorsement," at 1. The terms, "you" and "your," as set forth above, are defined in the policy to mean UCS and Spackle Drywall, LLC (not a party to this or the underlying case). ***See*** Main Street Policy, "Business Owners Coverage Form, Section II – Liability," at 1; Main Street Policy, "Schedule of Named Insured(s)," at 1 (modifying the named insured identified in the "Businessowners Common Declarations").

In May 2011, Modern tendered its defense to UCS, citing the Lease, and Main Street, premised upon its claimed status as an additional insured under the Main Street Policy. UCS and Main Street declined to contribute to Modern's defense in the Rolland action under either the Lease or the Main Street Policy. ***See*** Modern First Amended Complaint, Exhibit G (Letter, dated October 27, 2011), at 1-4; Modern First Amended Complaint, Exhibit D (Letter, dated June 23, 2011), at 1.

Thereafter, Modern commenced this action by writ of summons in October 2011. In June 2012, Modern filed a first amended complaint in four counts, seeking declaratory relief on the grounds that (1) UCS breached its contractual obligation to defend and indemnify Modern per the terms of the Lease; (2) Main Street violated its duty to defend and (3) indemnify Modern Equipment as an additional insured per the Main Street policy; and (4) Main Street engaged in bad faith. *See* Modern First Amended Complaint, at 9-14.[1]

---

[1] Specifically, in Count I, Modern pleaded that "to the extent that" Main Street declined to defend it, Modern sought the following relief:

1. This [trial court] declare that UCS has a duty to provide insurance coverage to Modern with respect to the Rolland Action;

2. This [trial court] declare that UCS has breached its Lease with Modern; and

3. This [trial court] declare that Modern is entitled to be paid for its defense costs to date and all future costs incurred.

Modern First Amended Complaint, at 10 (emphasis in original). In Count II, Modern pleaded its right to a defense as an additional insured under the Main Street Policy and requested:

1. This [trial court] declare Modern to be an additional insured under the [Main Street] Policy;

2. This [trial court] declare that [Main Street] has a duty to defend Modern with respect to the Rolland Action;

3. This [trial court] declare that UCS has a duty to defend Modern as a self-insurer of Modern, having failed to secure contractually required insurance;

*(Footnote Continued Next Page)*

The parties filed cross-motions for summary judgment. Modern sought partial summary judgment on its claim that Main Street violated its duty to defend Modern with respect to the Rolland action. **See** Modern Second Motion for Partial Summary Judgment, 08/31/2012, at 10-11 (unnumbered). For its part, Main Street sought summary judgment relative to Counts II, III, and IV of Modern's complaint, requesting a declaration that Main Street had no duty to defend or indemnify Modern as an additional insured under its policy, and, therefore, it was not liable for bad faith. **See** Main Street Second Motion for Summary Judgment, 09/13/2012, at 3-6 (unnumbered).

Neither party sought summary relief on Modern's breach of contract claim directed against UCS. **Id.**; **see also** Modern Second Motion for Partial Summary Judgment. To the contrary, Main Street, in its motion, specifically acknowledged the claim, then pleaded that Count I was "not the subject of this motion." **Id.** at 2 (unnumbered). In its answer, Modern did not challenge this averment. **See** Modern Answer to Second Motion for Summary Judgment, 09/28/2012, at 2 (unnumbered).

*(Footnote Continued)* ———————————

4. This [trial court] declare that Modern is entitled to be paid for its defense costs to date and all future costs incurred; and

5. Such other and further relief as the [trial court] deems just and proper.

**Id.** at 11-12.

- 5 -

The trial court denied Modern's motion for partial summary judgment and granted Main Street's motion for summary judgment. Modern timely appealed and filed a court-ordered Pa.R.A.P. 1925(b) statement; the trial court filed a responsive opinion.

The questions presented in this appeal involve an insurer's duty to defend its insured and the proper interpretation of a contract for insurance. However, Modern's claims, as set forth in its complaint, pose questions broader in scope, unaddressed by the parties, and unanswered by the trial court. Therefore, preliminarily, we must address our jurisdiction to entertain this appeal. **See Riley v. Farmers Fire Ins. Co.**, 735 A.2d 124, 127 (Pa. Super. 1999) ("[T]he appealability of an order is a question of jurisdiction and may be raised *sua sponte*.").

The Superior Court has "exclusive appellate jurisdiction of appeals from final orders of the courts of common pleas," notwithstanding certain exceptions. 42 Pa.C.S. § 742. Generally, a final order is one that "disposes of all claims and all parties." Pa.R.A.P. 341(b)(1). However, a final order may also be defined as such by statute or designated final under circumstances in which an immediate appeal would facilitate resolution of the case. **See** Pa.R.A.P. 341(b)(2), (3).

Section 7532 of the Pennsylvania Declaratory Judgment Act (DJA), 42 Pa.C.S. § 7531 *et seq.*, provides:

> Courts of record, within their respective jurisdictions, shall have power to declare rights, status, and other legal relations whether

or not further relief is or could be claimed. No action or proceeding shall be open to objection on the ground that a declaratory judgment or decree is prayed for. The declaration may be either affirmative or negative in form and effect, and such declarations shall have the force and effect of a final judgment or decree.

Interpreting this provision, the Supreme Court of Pennsylvania has held that an order in a declaratory judgment action that affirmatively or negatively declares the rights of parties is final and appealable, even if other claims in the case remain pending. *See Nationwide Mut. Ins. Co. v. Wickett*, 763 A.2d 813, 818 (Pa. 2000) (*Wickett*).[2]

However, in *Pa. Bankers*, the Supreme Court narrowed the holding of *Wickett*, quashing an appeal where some, but not all, of the alternative claims for declaratory relief were resolved. *Pa. Bankers*, 948 A.2d at 798. In that case, various members of the banking industry challenged Section 517 of the Credit Union Code, 17 Pa.C.S. § 517, exempting credit unions from taxation, on constitutional grounds and sought declaratory relief. *Id.*

---

[2] In *Wickett*, there is no discussion concerning the nature of the remaining claims. Nevertheless, in at least one case, this Court has distinguished implicitly claims seeking declaratory relief from those which seek monetary or injunctive relief. *See Pa. Servs. Corp. v. Tex. E. Transmission, LP*, 98 A.3d 624, 626 n.1 (Pa. Super. 2014) (denying a motion to quash an appeal where the order appealed from declared the rights of the parties pursuant to Section 7532, but where several claims seeking injunctive relief remained unresolved); *but see Pa. Servs. Corp.*, 98 A.3d at 636 (Ott, J., concurring) (agreeing with the majority's denial, but expressly concluding that *Wickett* should control because the order "fully resolved the parties' competing declaratory judgment claims, and the claims that remain pending are non-declaratory judgment claims").

at 791-92. The Commonwealth Court denied relief on two of several grounds raised, and the banks appealed. *Id.* Distinguishing *Wickett*, the Supreme Court noted that the Commonwealth Court had not dismissed all of the banks' claims seeking declaratory relief but, rather, "merely narrowed the scope of the [b]anks' broader declaratory judgment action, which raised alternative theories of relief." *Id.* at 798.

Several years later, the Supreme Court once again revisited the *Wickett* holding. In *Bankruptcy Alternatives*, a trade organization (USOBA) challenged certain regulations affecting debt settlement services (DSS) providers on several constitutional grounds. *Bankruptcy Alternatives*, 26 A.3d at 475-76. The Commonwealth Court granted declaratory relief in part, and the Department of Banking appealed. *Id.* at 476. The Department relied on *Wickett* to argue that the decision of the Commonwealth Court was a final order, appealable as of right under Pa.R.A.P. 341(b)(2). *Id.* at 478.

As in *Pa. Bankers*, however, the Supreme Court quashed the appeal. *Id.* at 480. The Court explained its decision as follows:

> In the lower court, USOBA requested relief in the form of a declaration that Act 117 in its entirety, as applied to DSS providers, is unconstitutional. But, when USOBA requested a summary adjudication, the Commonwealth Court granted relief in part, striking only two provisions of Act 117. The lower court did not address several of USOBA's arguments and did not ultimately decide whether USOBA was entitled to the full relief originally requested, which remains available via USOBA's alternate arguments. Essentially, the lower court simply narrowed the scope of USOBA's declaratory judgment action,

without ultimately deciding the case. Under the rule announced in [*Pa.*] *Bankers*, the Commonwealth Court's order is interlocutory and not appealable. The Department appealed an order which, in light of USOBA's original challenge to Act 117, granted USOBA only a partial declaration of the parties' rights, status, or legal relations.

*Id.* at 479.

Recent precedent of this Court suggests the continued vitality of *Wickett* in certain circumstances. *See, e.g.*, *Titeflex Corp. v. Nat'l Union Fire Ins. Co. of Pittsburgh, Pa*, 88 A.3d 970, 975-76 (Pa. Super. 2014) (citing *Wickett* favorably and denying a motion to quash an appeal challenging declaratory judgment, in which the trial court had concluded an insurance company incurred a duty to defend its insured and the only remaining issue involved a determination as to the amount of indemnification); *see also Nat'l Cas. Co. v. Kinney*, 90 A.3d 747, 753-55 (Pa. Super. 2014) (citing *Wickett* favorably and concluding that by denying appellant's motion for summary judgment, the trial court had effectively resolved all issues presented in appellant's declaratory judgment action). Nevertheless, this Court has previously recognized the import of *Pa. Bankers* and *Bankruptcy Alternatives*.

> [O]ur Supreme Court made clear that its holding in *Wickett* did not render an order, that did not fully release a party *or completely resolve the dispute*, a final order. Rather such an order would be deemed a partial declaration of the parties' rights and would not be immediately appealable.

*Sw. Energy Prod. Co. Forest Res., LLC*, 83 A.3d 177, 184 (Pa. Super. 2013) (citing *Pa. Bankers*) (emphasis added).

In this matter, the trial court did not address all of Modern's claims for declaratory relief. Thus, it did not completely resolve the dispute. Modern sought a declaration that *either* UCS *or* Main Street was required to provide it with a defense in the Rolland action. In the event the trial court declined to recognize that Main Street incurred a duty to defend Modern as an additional insured under the Main Street Policy, Modern pursued an *alternative theory of relief*, requesting that "to the extent" Main Street declined to defend Modern, UCS was obligated to pay for Modern's defense. *See* Modern First Amended Complaint, at 10, 11-12. Thus, as in **Pa. Bankers** and **Bankruptcy Alternatives**, in disposing of the parties' motions for summary judgment, the trial court merely narrowed the scope of Modern's claims and granted Modern only a partial declaration of its rights.

Finally, we recognize our Supreme Court's "well-documented efforts of avoiding piecemeal litigation." **Pa. Bankers**, 948 A.2d at 798.

> [A]voiding piecemeal litigation conserves scarce judicial manpower as well as the time of witnesses, jurors, and the use of public resources. Moreover, this Court has noted that a policy that allows for piecemeal appeals serves only to increase the cost of litigation, and favors the party with the greater resources, who can strategically delay the action at the expense of the indigent party. Finally, we note that piecemeal litigation, in addition to being inefficient and costly, can often lead to inconsistent results.

*Id.* at 798-99 (citations and quotation marks omitted). Were this Court to address Modern's arguments on appeal, we would risk undermining those efforts.

In summary, Modern sought to secure a defense in the Rolland Action. In its complaint, Modern presented alternative theories of relief, seeking a declaration that either UCS or Main Street incurred the duty to defend it. The trial court afforded Modern a partial declaration of its rights, concluding that Modern was not entitled to coverage as an additional insured under the Main Street Policy. Although the trial court disposed of the issues raised by the parties in their cross-motions for summary judgment, the court did not address Modern's alternative request for relief that UCS incurred a duty to defend Modern per the terms of the Lease.[3] Accordingly, Modern has not appealed from a final order.

Appeal quashed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 12/15/2014

---

[3] We express no opinion regarding the trial court's disposition of the parties' motions for summary judgment.