J-A07018-15

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| WAYNE M. CHIURAZZI | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| METLIFE INVESTORS DISTRIBUTION COMPANY | |
| Appellant | No. 1236 WDA 2014 |

Appeal from the Order June 30, 2014
In the Court of Common Pleas of Allegheny  County
Civil Division at No(s): G.D. 13-003841

BEFORE:  BENDER, P.J.E., LAZARUS, J., and MUNDY, J.

MEMORANDUM BY LAZARUS, J.:                  **FILED MARCH 30, 2015**

MetLife Investors Distribution Company (MetLife) appeals from the trial court's order denying its motion for summary judgment in this declaratory judgment action.  After careful review, we quash.

Wayne M. Chiurazzi and his wife at the time, Janna P. Chiurazzi (former wife/ex-wife),[1] were issued an annuity contract by MetLife; both Chiurazzi and his former wife were joint owners of the contract.[2]  Under the contract, a joint owner is defined as "[i]f there is more than one Owner,

_____

[1] The Chiurazzis subsequently divorced.

[2] Chiurazzi put $50,000 into the annuity.  The rider guaranteed Chiurazzi his minimum income benefit which, as of the date of the reconsideration hearing, was $20,000 more than the pure increase in value from the original contribution.  N.T. Reconsideration Hearing, 7/31/14, at 6.

each Owner shall be a Joint Owner of the Contract." Annuity Contract, GMIB Termination Provisions - Definitions, 6/5/06, at 4. The annuity had a Guaranteed Minimum Income Benefit Rider (Rider) which enhanced the financial value of the annuity contract. The Chiurazzis paid a quarterly fee for the Rider. According to the termination provisions of the annuity contract, the Rider "will terminate upon the earliest of . . . [c]hange of owner or [j]oint owner, for any reason, subject to our Administrative Procedures." *Id.* at (e). Although an owner of the contract may be changed at any time, the change will become effective on the date notice of the change is signed and any change of owner "is subject to [MetLife's] underwriting rules in effect at the time of the request." *Id.* at General Provisions, at 5.

As part of his marital property settlement agreement, Chiurazzi executed a policy service request form asking that MetLife change the contract and delete his former wife as a joint owner. In response to this request, MetLife stated it would terminate the Rider to the contract after Chiurazzi returned an acknowledgement form indicating that the ownership change would terminate the Rider. When Chiurazzi failed to return the change in ownership form, MetLife proceeded to process his requested ownership change, removed ex-wife as a joint owner, and terminated the Rider.

Subsequently, Chiurazzi asked MetLife to reverse the ownership change. The request was approved, pending receipt by MetLife of a letter

from the Chiurazzis saying that they had consulted a tax advisor and that they wished to reinstate the Rider and reverse the ownership change. No letter was received so the case was closed. Ultimately, on December 29, 2011, MetLife restored the Rider, adding Chiurazzi's ex-wife back onto the contract. Subsequently, Chiurazzi asked that ex-wife again be removed from the contract and that the Rider remain intact. MetLife refused to remove her; the Rider currently remains intact.

On March 1, 2013, Chiurazzi[3] filed the underlying declaratory judgment action[4] alleging that MetLife acted in bad faith.[5] MetLife filed an answer denying any wrongdoing and asserting that the terms of the Rider expressly provide for its termination should there be a change of the joint

_____

[3] The trial court incorrectly states in its opinion that MetLife instituted the declaratory judgment action.

[4] Declaratory Judgments Act, 42 Pa.C.S. §§ 7531-7541.

[5] Pennsylvania's Bad Faith Statute, 42 Pa.C.S. § 8371. Under section 8371, to constitute bad faith it is not necessary that the insurer's conduct be fraudulent. However, mere negligence or bad judgment is not bad faith; rather, to support a finding of bad faith, the insurer's conduct must be such as to import a dishonest purpose. *Condio v. Erie Ins. Exch.*, 899 A.2d 1136, 1143 (Pa. Super. 2006). In other words, a plaintiff must show that the insurer breached its duty of good faith through some motive of self-interest or ill-will. *Id.*; *see Brown v. Progressive Ins. Co.*, 860 A.2d 493 (Pa. Super. 2004) (bad faith requires proof that insurer: (1) lacked reasonable basis for denying coverage or benefits, and (2) knew or recklessly disregarded its lack of a reasonable basis in denying the claim). Moreover, under section 8371, when an insured proves that an insurer has acted in bad faith, he or she can be awarded: (1) interest on the amount of the claim from the date the claim was made; (2) punitive damages; and/or (3) court costs and attorney fees. 42 Pa.C.S. § 8371(1), (2), (3).

owners for any reason. Chiurazzi claims that his divorce did not constitute a "change of ownership" of the contract and that the Rider should be reinstated. On November 4, 2013, MetLife filed a motion for summary judgment. While a hearing on the motion was scheduled to take place on December 16, 2013, the record is devoid of any evidence that a hearing ever occurred.

On June 30, 2014, the trial court denied MetLife's summary judgment motion by way of order, stating:

> IT IS HEREBY ORDERED that Defendant's Motion is DENIED. There are public policy implications in this case that warrant denial. The termination of the policy is due to Plaintiff's divorce with no consideration for what has been paid before and no effort or even willingness to recalculate, form an actuarial basis, the benefit available on premium going forward. Further, this case has [a] chilling effect on access to marital law.

Trial Court Order, 6/30/14, at 2.

On July 11, 2014, Metlife filed a motion for reconsideration of the court's summary judgment decision, claiming that nowhere in his complaint did Chiurazzi allege that the Rider violates Pennsylvania public policy or that it has any "chilling effect on access to marital law," and that the court *sua sponte* raised those issues at argument.[6] Argument on the reconsideration

---

[6] Citing its grounds for reconsideration, MetLife argued that the court may have misapprehended that the case involved cancellation of the contract itself, rather than the true issue -- cancellation of the rider to the annuity contract. *See* Defendant's Motion for Reconsideration, 7/11/14, at 3. Moreover, MetLife claimed that the case dealt strictly with contract interpretation and did not involve any public policy considerations. *Id.* at 4. *(Footnote Continued Next Page)*

- 4 -

motion was scheduled for July 31, 2014. However, on July 29, 2014, Metlife filed a notice of appeal from the trial court's order denying summary judgment.[7]

Before addressing the merits of the issues raised on appeal, we must first examine the apparent interlocutory nature of the order from which the appeal is taken.

Instantly, MetLife appeals from an order *denying* summary judgment. Generally, an order is final and appealable if it disposes of all claims and all parties, is explicitly defined as a final order by statute, or is certified as a final order by the trial court. **See** Pa.R.A.P. 341 (Final Orders). The Declaratory Judgment Act provides:

> § 7532. General scope of declaratory remedy
>
> Courts of record, within their respective jurisdictions, shall have power to declare rights, status, and other legal relations whether or not further relief is or could be claimed. No action or proceeding shall be open to objection on the ground that a declaratory judgment or decree is prayed for. The declaration may be either affirmative or negative in form and effect, and such declarations **shall have the force and effect of a final judgment or decree.**

*(Footnote Continued)* —————————

Finally, MetLife asserted that the instant case does not violate public policy or have a chilling effect on marital law. **Id.** at 5.

[7] We note that on July 30, 2014, the trial court lost jurisdiction over the case as thirty days elapsed from the date of the underlying summary judgment order without the trial court expressly granting MetLife's motion for reconsideration. **See** Pa.R.A.P. 1701(b)

42 Pa.C.S. §7532 (emphasis added). Moreover, the appealability of orders entered in declaratory judgment actions has been analyzed as follows:

> A trial court order is final and immediately appealable pursuant to Pa.R.A.P. 341(b)(2), when the court enters a declaratory judgment order *either affirmatively or negatively declaring the rights and duties of the parties, effectively disposing of the claims presented, even if the order does not expressly dispose of all claims or specify that the claims were declaratory in nature[.]* **See also General Acc. Ins. Co. of America v. Allen**, 692 A.2d 1089 (Pa. 1997) (holding trial court's determination of insurer's duty to defend was final and appealable under Pa.R.A.P. 341(b)(2) and Section 7532 as well as Rule 341(b)(1), even though trial court did not expressly determine insurer's duty to indemnify, where order was final determination as to legal rights and obligations of parties arising out of insurance policy, and effectively disposed of all claims presented in declaratory judgment action). Conversely, if the court makes no such declaration, the order is interlocutory. **Nationwide Mus. Ins. Co. v. Wickett**, 763 A.2d 813, 817 (Pa. 2000).

**Nat'l Cas. Co. v. Kinney**, 90 A.3d 747, 754 (Pa. Super. 2014).

As a general matter, a party seeking summary judgment contends that, in considering the pleadings, depositions, answers to interrogatories, admissions on file, and affidavits, there exists no genuine issue of material fact and, therefore, the moving party is entitled to judgment as a matter of law. Pa.R.C.P. 1035.2. Thus, a record that supports summary judgment will either: (1) show the material facts are undisputed or (2) contain insufficient evidence of facts to make out a *prima facie* cause of action or defense and, therefore, there is no issue to be submitted to the jury. **Lineberger v. Wyeth**, 894 A.2d 141, 146 (Pa. Super. 2006) (citation omitted). Conversely, a record that does *not* support the grant of summary judgment

will either involve disputed material facts or contain sufficient evidence of facts to make out a *prima facie* cause of action or defense to be submitted to a factfinder.

Here, MetLife's summary judgment motion action alleged that the unambiguous and clear language of the annuity contract justified termination of the Rider upon a change of ownership *for any reason* and that MetLife's decision was made in good faith and was reasonable based upon the contract's clear language. By denying summary judgment, the trial court essentially concluded that the language of the contract was not so clear and unambiguous that, as a matter of law, the Rider should have been terminated when Chiurazzi removed his ex-wife as a joint owner. **Lineberger**, **supra**; Pa.R.C.P. 1035.2 (Note). The order permits the action to proceed due to the fact that genuine issues -- regarding MetLife's duty to keep the Rider intact with the removal of ex-wife and whether its actions constituted bad faith under section 8371 -- still exist.

The trial court states in its Pa.R.A.P. 1925(a) opinion that "MetLife then brought this declaratory judgment action seeking a declaration that [it] can terminate the Rider." Trial Court Opinion, 8/15/14, at 2 (emphasis in original). However, the trial court is incorrect in its interpretation of the procedural history of this case. *Chiurazzi* brought this declaratory judgment action *against MetLife* claiming that the Rider should be able to remain intact without ex-wife as a joint owner and that MetLife's actions constituted bad

faith. Accordingly, while the trial court may have decided that MetLife was not entitled to summary judgment at this juncture in the litigation, there has been no final determination as to MetLife's exact obligations when removing an owner under the annuity contract and whether its actions constituted bad faith under section 8371 by refusing to permit former wife to be removed from the contract with the Rider intact. ***Cf. Wickett***, 763 A.2d 813 (Pa. 2000) (where trial court sustained defendant's preliminary objections against plaintiffs where that order ended plaintiffs' declaratory judgment action and "essentially constituted a declaration that the plaintiffs had no legal basis to recover underinsured motorist benefits under the insurance contract against these . . . defendants," order was final and appealable).

MetLife claims in the Statement of Jurisdiction section of its brief that the instant order is final because it has been expressly defined as a final order by statute, specifically, the Declaratory Judgments Act (42 Pa.C.S. § 7531). Our Court addressed this very issue in ***Kinney***, ***supra***, where an insurer filed a declaratory judgment action asking the court to determine whether the insured's right to seek recovery for personal injuries and damages sustained in a motor vehicle accident should be limited to a claim under the Workers' Compensation Act[8] (where defendants were in the

_____

[8] 77 P.S. §§ 1-1041.4, 2501-2708.

- 8 -

course and scope of their employment at the time of the accident) and for a declaration that it had no coverage obligations relative to any injuries or damages sustained by defendants in the accident. When the court denied the insurer's motion for summary judgment, the insurer argued on appeal that the order was immediately appealable because it "ended the declaratory judgment litigation, leaving no questions of law or disputed issues of material fact for resolution." *Id.* at 753.

Relying heavily upon our Supreme Court's decision, *Wickett*, *supra*, our Court in *Kinney* agreed with the insurer, concluding that by denying the insurer's motion for summary judgment, the trial court effectively ruled that the insurer had a legal obligation to the insured, where the injured defendants were not acting in the course and scope of their employment at the time of the motor vehicle accident. *Id.* at 755. Thus, the Court held that "the [trial] court's order denying summary judgment effectively *resolved all issues* presented in [the insurer's] declaratory judgment action." *Id.* (emphasis added).

Instantly, the insured, Chiurazzi, filed the underlying declaratory judgment action. Therefore, unlike the procedural posture in *Kinney* and *Wickett*, the party moving for summary judgment is not the same party that originally sought declaratory relief. Therefore, there has been no affirmative or negative declaration of rights and duties of the parties or effective disposition of the claims presented. *Kinney*, *supra*; *Wickett*,

*supra*. In fact, the public policy implications discussed by the court in its order denying summary judgment seem to be one of the genuine issues of material fact remaining in the case of potential bad faith on MetLife's part. *See* Trial Court Opinion, 6/30/14, at 2 (action sought by MetLife "struck [trial judge] as being against public policy and had a chilling effect on access to marital law").

Our full Court recently stated that:

[O]ur Supreme Court made clear that its holding in *Wickett* did not render an order, that did not fully release a party *or completely resolve the dispute*, a final order. Rather such an order would be deemed a partial declaration of the parties' rights and would not be immediately appealable.

*Modern Equipment Sales & Rental Co. v. Main Street Amer. Ass. Co.*, 106 A.3d 784, 788 (Pa. Super. 2014) (en banc) (citing *Pa. Bankers Ass'n v. Pa. Dep't of Banking*, 948 A.2d 790 (Pa. 2008)) (emphasis in original). Here, Chiurazzi sought a declaration that MetLife was obligated to keep the Rider in effect even with ex-wife being removed from the contract as a joint owner *and* that MetLife engaged in bad faith by refusing to remove ex-wife from the contract and uphold the Rider. Because the trial court's order did not completely resolve the dispute in the instant case, we find that MetLife has not appealed from a final order. *Modern Equipment Sales*, *supra*; *Pa. Bankers Ass'n*, *supra*. Thus, we quash. *See* Pa.R.A.P. 301.

Appeal quashed.

- 10 -

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: <u>3/30/2015</u>