J-A08021-18

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| KENNETH NEWHOOK | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| ERIE INSURANCE EXCHANGE A/K/A | : | |
| ERIE INSURANCE COMPANY | : | |
| | : | No. 1917 EDA 2017 |
| Appellant | : | |

Appeal from the Order Entered May 11, 2017
In the Court of Common Pleas of Monroe County Civil Division at No(s):
10711 CIVIL 2014

BEFORE:   PANELLA, J., LAZARUS, J., and STRASSBURGER*, J.

MEMORANDUM BY LAZARUS, J.:                  **FILED APRIL 25, 2018**

Erie Insurance Exchange, a/k/a Erie Insurance Company (Erie), appeals from the order, entered in the Court of Common Pleas of Monroe County, granting summary judgment in favor of Plaintiff-Appellee, Kenneth Newhook, on his claim for declaratory judgment and dismissing Newhook's remaining claims of bad faith and unfair trade practices/consumer protection law in his underlying lawsuit.  The trial court expressly found that Newhook is entitled to stacked Uninsured Motorist's (UM) benefits, in the amount of $400,000, under his Erie automobile policy.   After careful review, we affirm.

Newhook purchased an automobile insurance policy from Erie in August 2007; the policy insured three vehicles, a Volkswagen, Mazda and Ford Taurus.  At the time he made application, Newhook signed waivers rejecting

_____
*   Retired Senior Judge assigned to the Superior Court.

stacked[1] UM and underinsured (UIM) motorists' coverage. ***See generally*** 75 Pa.C.S. § 1738 (UM/UIM Coverage); ***see also*** § 1738(b) (waiver provision of UM/UIM benefits). The policy provided UM/UIM coverage in the amount of $100,000 in "unstacked" benefits. The policy also contained an "additional auto" provision, also known as an "after-acquired vehicle" provision, stating:

- "Additional auto" . . .

1. "Additional auto" means any "private passenger auto other than a "replacement auto" that you acquire, purchase or lease during the policy period. For coverage to apply "we" must insure all "private passenger autos" "you" own on the date "you" acquire, purchase or lease an "additional auto."

\* \* \*

"You" must notify "us" during the policy period of "your" intention to have this policy apply to an "additional auto." . . . If "you" obtain an "additional auto" . . . within 30 days prior to the end of the policy period, "you" have 60 days after acquisition to notify "us.

Should a loss occur involving an "additional auto" . . . prior to "your" notifying us, the additional vehicle will have the broadest coverage "you" have purchased for any one vehicle listed on the "Declarations."

---

[1] "Stacking" has been described as "the ability to add coverages from other vehicles and/or different policies to provide a greater amount of coverage available under any one vehicle or policy." ***McGovern v. Erie Ins. Group***, 796 A.2d 343 (Pa. Super. 2002). Stacking can occur where more than one vehicle is insured under a single policy (i.e., intra-policy) or when more than one vehicle is insured under more than one policy (i.e., inter-policy). ***In re: Insurance Stacking Litigation***, 754 A.2d 702, 708 (Pa. Super. 2000). Section 1738 of the Motor Vehicle Financial Responsibility Law (MVFRL) requires a signed UM/UIM waiver or rejection form when an additional automobile is added to a policy. The failure of an insured to obtain a properly signed waiver results in the insured being entitled to stack coverages. 75 Pa.C.S. § 1738(d).

Erie Insurance Exchange Automobile Policy #Q08-2110350, General Policy Definitions, 8/21/13, at 1.

From 2007 to 2013, Newhook added and removed several vehicles to and from the policy. On July 23, 2012, Newhook added another vehicle to the policy, a Plymouth Neon; he executed a new stacking waiver form on the vehicle. On August 21, 2012, Newhook renewed the policy. In October 2012 and July 2013, Newhook added two new vehicles to the policy; the vehicles were listed on the policy by the issuance of an amended declarations page at the same time they were purchased. He neither received nor executed a new stacking waiver form for either of these automobiles.

On August 21, 2013, Newhook's Erie policy was again renewed. On August 22, 2013, Newhook was injured in an automobile accident with an uninsured motorist.[2] He suffered severe and debilitating injuries, including a traumatic brain injury requiring surgery to place a shunt in his brain. Because Newhook continues to suffer from cognitive issues, dizziness, vision problems, seizures, headaches, and has trouble walking, he is unable to return to any type of gainful employment.

Newhook submitted a claim to Erie for stacked UM benefits for the four vehicles insured under the policy (4 autos at $100,000, or $400,000 in total). Erie denied the claim and, instead, paid Newhook $100,000 in unstacked UM benefits. Newhook filed the instant action, containing the following counts:

---

[2] At the time of the accident, Newhook had four vehicles insured under the policy.

Count I (declaratory judgment); Count II (breach of contract); Count III (bad faith); and Count IV (unfair trade/consumer protection). The parties filed cross-motions for summary judgment. On May 11, 2017, the court entered an order:

- granting Newhook's motion for summary judgment on the claim for declaratory relief (finding Newhook is entitled to stacking UM benefits under Erie policy in amount of $400,000/person);

- denying Erie's cross-motion for summary judgment for declaratory relief;

- granting Erie's motion for summary judgment on Newhook's claim for bad faith and dismissing the claim; and

- granting Erie's motion for summary judgment on Newhook's claim for unfair trade practices and dismissing the claim.

Trial Court Order, 5/11/17.[3] Erie filed a timely notice of appeal and court-ordered Pa.R.A.P. 1925(b) concise statement of matters complained of on appeal. On appeal, Erie presents the following issue for our review: "Whether the Supreme Court held in *Sackett II*[4] that an insured is not required to

---

[3] At first blush, it appears that the trial court's order may not be final as it does not dispose of Count II in Newhook's complaint, a breach of contract claim. *See Modern Equip. Sales & Rental Co. v. Main St. Am. Assurance Co.*, 106 A.3d 784 (Pa. Super. 2014). We conclude, however, that the order entering declaratory judgment in Newhook's favor subsumes his claim that Erie breached its insurance contract by not stacking UM coverage in violation of the law. Thus, the order is final and appealable. *See* 42 Pa.C.S. § 7532 (order in declaratory judgment action that either affirmatively or negatively declares rights, status, and other legal relations, constitutes final order).

[4] *Sackett v. Nationwide Mutual Ins. Co.*, 940 A.2d 329 (Pa. 2007) ("Sackett II").

execute another rejection of stacked UM/UIM coverage when adding a car to a non-stacked policy that has a 'continuous' after-acquired-vehicle clause, did the trial court violate **Sackett II** by nevertheless requiring a new rejection here merely because an amended declaration page was issued showing the new vehicle?"  Appellant's Brief, at 4.

When reviewing a trial court's decision to grant a motion for summary judgment, we adhere to the following standard and scope of review:

> We view the record in the light most favorable to the nonmoving party, and all doubts as to the existence of a genuine issue of material fact must be resolved against the moving party. Only where there is no genuine issue as to any material fact and it is clear that the moving party is entitled to a judgment as a matter of law will summary judgment be entered.  Our scope of review of a trial court's order granting or denying summary judgment is plenary, and our standard of review is clear[:] the trial court's order will be reversed only where it is established that the court committed an error of law or abused its discretion.

**Erie Ins. Exch. v. Larrimore**, 987 A.2d 732, 736 (Pa. Super. 2009) (citation omitted).

This case is controlled by our full Court's decision, **Bumbarger v. Peerless Indem. Ins. Co.**, 93 A.3d 872 (Pa. Super. 2014) (en banc).  In **Bumbarger**, our Court held that where additional vehicles were added to an existing multi-vehicle insurance policy pursuant to the policy's endorsement provision, the after-acquired vehicle clause in the policy was irrelevant and the insurer was required to present the insured with a new opportunity to waive stacked coverage.  **Accord Pergolese v. Std. Fire Ins. Co.,** 162 A.3d 481 (Pa. Super. 2017), *appeal denied*, 172 A.3d 590 (Pa. Oct. 4) (where

insured notified insurance agent of additional vehicle added to existing multi-vehicle policy, requested proof of coverage before purchase complete, and agent issued amended declarations page reflecting coverage of new vehicle, trial court properly granted summary judgment in favor of insured; insured was entitled to stacking of UM benefits where addition of new vehicle to policy constituted new "purchase" of UM coverage and required execution of new UM stacking waiver). **Cf. Sackett II**, **supra** (where new vehicle is added to policy under infinite after-acquired-vehicle clause, insured need not execute new UM/UIM stacking waiver).

Erie asserts in its brief that **Bumbarger** "was mistaken in concluding under **Sackett III** the [C]ourt must first find whether there was an 'endorsement'" and that our *en banc* Court "relied upon a mistaken reading of **Sackett III**." Appellant's Brief at 28, 30. While Erie may contend this, it is well-established that three-judge panels of this Court are bound by this Court's *en banc* decisions. **See e.g.**, **Commonwealth v. Bucknor**, 657 A.3d 1005, 1007 n.1 (Pa. Super. 1995). Moreover, our Supreme Court recently denied a petition for allowance of appeal in **Pergolese**, a case where the insurer raised the same issue presented by Erie today. The **Pergolese** Court relied upon **Bumbarger** in concluding that an insurer was required to give its insureds new stacking waiver forms when they purchased their additional

vehicle. As **Pergolese** is the most recent and relevant authority on the issue, we are obligated to apply **Bumbarger** to the facts of the instant case.[5]

To determine whether an insurer is obligated to have an insured sign a new UM/UIM stacking waiver following the addition of a new vehicle to a motorist insurance policy, the Court must focus on the following: "(1) how was the 'new' vehicle added to the existing policy (i.e., via endorsement or [a] newly acquired auto clause); and (2) what is the specific language of the relevant clause(s) in the applicable insurance policy?" **Bumbarger**, 93 A.3d at 876. Here, Newhook's vehicle was added to his existing policy via endorsement, i.e. the issuance of an amended declarations page.[6] In such a circumstance, the newly acquired clause is not invoked and plays no role in adding the new vehicle to the policy. **Id.**

Accordingly, under the principles announced in **Bumbarger**, Erie was required to provide Newhook with a new stacking waiver form when he added two new vehicles to the policy in October 2012 and July 2013. Because Erie failed to comply with this mandate, the trial court properly entered summary judgment in favor of Newhook on his declaratory judgment action and found

_____

[5] Although we recognize that **Toner v. Travelers Home & Marine Ins. Co.**, 137 A.3d 583 (Pa. Super. 2016), was recently decided, that case is distinguishable as it involved a single-vehicle policy. Notably, the parties discontinued an appeal of the case upon praecipe.

[6] An endorsement is an amendment to an insurance policy. The issuance of and amended declarations page is a policy endorsement.

that he was entitled to $400,000 stacked UM benefits under the policy. 75 Pa.C.S. § 1738(d).

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 4/25/18