CHIEF JUSTICE SAYLOR, dissenting
 

 I respectfully dissent. None of the decisions referenced by the majority suggest that, after the outright rejection of a party's entire request for declaratory relief by a court of original jurisdiction, the pendency of an adverse party's counterclaim nevertheless serves to defeat the entitlement to an interlocutory appeal as of right under
 
 Nationwide Mutual Insurance Co. v. Wickett,
 

 563 Pa. 595
 
 ,
 
 763 A.2d 813
 
 (2000). Indeed -- and while I have not been a supporter of the
 
 Wickett
 
 doctrine other than by way of adherence to precedent -- I question what may be left of
 
 Wickett
 
 under the majority's present approach, which suggests that the decision does not apply merely when
 
 something
 
 remains pending in the court of original jurisdiction.
 

 Respectfully, from my point of view, if
 
 Wickett
 
 is to be overruled, it would be preferable to do so directly. Under the presently prevailing law, it is my considered judgment that Appellant is entitled to appeal as of right per
 
 Wickett
 
 's special rule of appealability for declaratory judgment actions.
 

 Justice Todd joins this dissenting statement.