J-A25009-18

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| FREDERICK MUTUAL INSURANCE COMPANY | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| | : | |
| | : | |
| v. | : | |
| | : | |
| | : | |
| DN CONSTRUCTION, LLC, DN CONSTRUCTION COMPANY, LLC, ORALIA MARIBEL MARTINEZ, INDIVIDUALLY, AND AS ADMINISTRATOR AD PROSEQUENDUM OF THE ESTATE OF LUIS ARMANDO JIMENEZ MATUTE, DECEASED AND BAYRON EMANUEL JIMENEZ MARTINEZ | : : : : : : : : : : | No. 1362 EDA 2018 |
| | : | |
| | : | |
| APPEAL OF:  DN CONSTRUCTION, LLC & DN CONSTRUCTION COMPANY, LLC | : : : | |

Appeal from the Order Entered April 2, 2018
In the Court of Common Pleas of Philadelphia County Civil Division at
No(s):  3465 August Term, 2017

BEFORE:  PANELLA, J., DUBOW, J., and KUNSELMAN, J.

JUDGMENT ORDER BY DUBOW, J.:                **FILED OCTOBER 03, 2018**

DN Construction, LLC and DN Construction Company, LLC (collectively, "Appellant") appeal from the Court of Common Pleas of Philadelphia County's Order dated April 2, 2018.  Because Appellant has taken this appeal from a non-reviewable interlocutory order, we quash.

Given our disposition, we provide only the following relevant facts and procedural history.  Underlying this action is a personal injury action stemming

from a January 21, 2015 construction site accident in Philadelphia where construction worker, Luis Armando Jimenez Matute, died after a fall. In March 2016, Mr. Matute's family filed a complaint alleging negligence, *inter alia*, naming many defendants, including Appellant and Frederick Mutual Insurance Company ("Appellee"). Appellant was the general contractor at the construction site. By agreement with Appellant, Reobote was one of Appellant's subcontractors. Appellee insured Reobote via the "Reobote Policy."

The "Contractor Agreement"[1] between Appellant and Reobote mandates that Reobote maintain "such insurance as will protect [Reobote] and [Appellant] from claims for loss or injury which might arise out of or result from [Reobote's] operations under this project, whether such operations be by [Reobote] or by a subcontractor or its subcontractors." Agreement, dated 1/16/2015, Art. 7. The Agreement also requires Reobote to file a Certificate of Insurance with the City of Philadelphia in which Appellant is named as an additional insured. *See id.* The Certificate of Insurance filed by Reobote with the City, however, lists Appellant as a "certificate holder" only, and not as an "additional insured."

The Reobote Insurance Policy, issued by Appellee, contains two endorsements: Endorsement AP-FM 0010 PA provides excess coverage to a party who is "named as an additional insured by any endorsement;" and the

---

[1] The "Contractor" in the Agreement is Reobote; the Owner is Appellant DN Construction. *See* Agreement at 1.

second, entitled "Additional Insured – Owners, Lessees, or Contractors – Automatic Status AP 0337 10 05," amends the definition of "insured" to include "as an additional insured, any [] organization for whom 'you' are performing operations when 'you' and such [] organization have agreed in writing… that such [] organization be added to 'your' policy as an additional insured." **See** Declaratory Judgment Complaint at ¶¶ 22, 24, Exhibit F.

Appellee subsequently filed a two-count Declaratory Judgment Complaint against Appellant seeking a declaration that (1) Appellee has no duty to defend or indemnify Appellant because Appellant does not qualify as an additional insured under the Reobote Policy; and (2) alternatively, if the Court finds that Appellant is an additional insured, the coverage extended to Appellant is limited by the application of the policy's specific exclusions, *i.e.*, (a) excess coverage over all other insurance coverages naming Appellant as an insured; (b) no coverage if the construction worker is deemed to be an employee of Appellant; (c) no coverage pursuant to any cross-claims filed against Appellant; and (d) no coverage for any punitive damages. Appellee thereafter filed a Motion for Judgment on the Pleadings.

On April 2, 2018, the trial court issued the following Order: (1) any coverage which may be owed by Appellee is excess coverage, and Appellee has no obligation to defend and/or indemnify Appellant until all other available insurance in exhausted; and (2) any coverage owed to Appellant is limited by the punitive damages exclusions contained in the Reobote Policy. Trial Court Order, dated 4/2/18. Appellant appealed to this Court.

- 3 -

Pennsylvania Rule of Appellate Procedure 341(a) provides that "an appeal may be taken as of right from any final order[.]" Pa.R.A.P. 341(a). "A final order is any order that[] disposes of all claims and of all parties." Pa.R.A.P. 341(b)(1). Although, as Appellant notes, 42 Pa. C.S. § 7532 provides that a declaration has the effect of a final judgment, if the order in question merely narrows the scope of the litigation and does not resolve the entirety of the parties' eligibility for declaratory relief, then the order is interlocutory and not immediately appealable. *Pennsylvania Manufacturers' Ass'n Ins. Co. v. Johnson Matthey, Inc.*, 188 A.3d 396, 400 (Pa. 2018). *See also Modern Equipment Sales & Rental Co. v. Main Street America Assur. Co.*, 106 A.3d 784, 788 (Pa. Super. 2014) (quashing an appeal as interlocutory where the court provided only partial relief on summary judgment in declaratory judgment action).

Here, Appellee requested that the court determine whether Appellant is an additional insured under Appellee's policy and if so, whether Appellee's coverage is excess coverage over all other policies or whether any of the three exclusions apply. The trial court found that Appellant is an additional insured under Appellees' policy and Appellee may have to provide excess coverage. The trial court also determined that the punitive damages exclusion applied. The trial court, however, did not address the other two exclusions. Since Appellees requested that the trial court make a determination about three exclusions and the trial court only made a determination about one of them, the Order is interlocutory and non-reviewable. Thus, we quash the appeal.

- 4 -

Appeal quashed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 10/3/18