J-A32038-15

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| GEORGE H. SHOUGH | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellant | |
| v. | |
| LAWRENCE SIDONIS, BYLLYE L. SIDONIS, DONALD R. HOPKINS, SUSAN HOPKINS, KYLE ROBSON, JARRETT ROBSON, BABARA STEWART, JAMIE SHOUGH, DONALD ROBSON, JANE M. ROSS-SHOUGH, MARK FAULKNER, MARY FAULKNER, LEROY EASTIN, SUSAN M. EASTIN, JOYCE DAY, LINDA L. RIVERS, RONALD L. KRAUSE, CATHY L. KRAUSE, AND ASSIGNS, AND VANTAGE ENERGY APPALACHIA, LLC, SUCCESSOR IN INTEREST TO TANGLEWOOD EXPLORATION, LLC. | |
| Appellees | No. 142 WDA 2015 |

Appeal from the Order Entered December 26, 2014
In the Court of Common Pleas of Greene County
Criminal Division at No: A.D. 949-2012

BEFORE: SHOGAN, OTT, and STABILE, JJ.

MEMORANDUM BY STABILE, J.: **FILED JULY 22, 2016**

Appellant, George H. Shough, appeals from the December 26, 2014 order granting summary judgment in favor of Appellees, Mary Faulkner, Mark Faulkner, Susan M. Eastin, Leroy Eastin, Joyce Day, Linda L Rivers,

Cathy L. Krause, and Ronald L. Krause (collectively, "Appellees").[1] We quash.

On September 17, 2012, Appellant filed this action for declaratory relief and to quiet title of a small portion of the oil and gas underlying a 345.838-acre tract of land (the "Property") in Greene County.[2] This dispute stems from a 1964 Deed (the "1964 Deed"), in which Jennie D. Shough (the "Grantor," deceased), severed one thirty-second of the oil produced on the Property and one fourth of all gas royalties and rentals produced by the Property (we will refer to the Grantor's grant as the "Oil and Gas Estate"). The Grantor granted one-third of the Oil and Gas Estate to her daughter Mary F. Lampert, now deceased (the "Lampert Interest"), one third to her daughter Mildred K. Elliman, now deceased, (the "Elliman Interest"), and one third to "George H. Shough" (the "Shough Interest").

The Lampert Interest is not at issue in this litigation. Prior to her death, Lampert conveyed the Lampert Interest to her son, Lloyd Stewart (now deceased) and his wife, Barbara Stewart, by a deed recorded in Greene County in 1978. Five of the Appellees are Lloyd Stewart's children (and therefore Lampert's grandchildren and Elliman's grandnieces and

---

[1] The remaining parties are not taking part in this appeal.

[2] The parties to this litigation have entered an oil and gas lease with defendant Vantage Energy Appalachia, LLC. Vantage has agreed to hold money in escrow until this litigation concludes.

grandnephews). The other three Appellees are spouses of Stewart's children.

Ownership of the Shough Interest is in dispute in this litigation, but not presently at issue on appeal. The Grantor's son (now deceased) and Appellant, the Grantor's grandson, share the name "George H. Shough" (all subsequent references to "George H. Shough" in this memorandum refer to the Grantor's son). Appellant claims that he, and not his father, is the grantee named in the 1964 Deed. Thus, Appellant claims full ownership of the Shough Interest. George H. Shough died in 1993, survived by Appellant and Appellant's sister, defendant Byllye Sidonis. Defendant Donald R. Hopkins is George H. Shough's grandson by a daughter, Melba, who predeceased him. Defendants Kyle Robson and Jarrett Robson are George H. Shough's grandsons by a daughter, Karen, who predeceased him. George H. Shough also had a son, Ronald, who predeceased him but never had children. Several of the defendant heirs of George H. Shough (hereinafter the "Defendant Shough Heirs") have come forward to challenge Appellant's purported ownership of the entire Shough Interest, but the order on appeal did not resolve that dispute.

Mildred Elliman died intestate as a resident of Connecticut on July 30, 2001. She had no surviving parent, grandparent, or spouse, and no children. In his amended complaint, filed January 17, 2013, Appellant alleged he owns one fifth of the Elliman interest pursuant to Pennsylvania

intestacy law. Appellant alleged that the other owners of the Elliman Interest are as follows: Byllye Sidonis (one fifth); Donald R. Hopkins (one fifth); Kyle and Jarrett Robson (one fifth between them); and Appellees (one fifth among them).

In their May 1, 2013 answer and counterclaim to quiet title, Appellees asserted that the intestacy laws of Connecticut apply because Elliman resided in Connecticut when she died and because any extracted oil and any gas royalties and rentals are personal rather than real property. According to Appellants, Connecticut intestacy law provides for the Elliman Interest to be divided equally among Elliman's siblings or their heirs. Elliman had two siblings, George H. Shough and Lampert. Appellees therefore argue that half of the Elliman Interest belongs to George H. Shough's heirs, and half belongs to Appellees, as Lampert's heirs. Thus, Appellees claim they have half of the Elliman Interest to split amongst themselves (or one tenth each).[3]

On September 23, 2013, Appellees filed a motion for summary judgment on their counterclaim to quiet title. Appellant filed a response to Appellees' summary judgment motion on October 23, 2013. Appellant answered Appellees' counterclaim on October 30, 2013. On December 2,

---

[3] As noted above, five of the seven Appellees are Lampert's heirs. Mark Faulkner, Leroy Eastin, and Ronald L. Krause are the spouses of Lampert's heirs. Thus, the Faulkners, Eastins, and Krauses, would each receive one-tenth of the Elliman Interest (one-fifth of one-half), and Appellees Joyce Day and Linda L. Rivers would receive one-tenth each.

2013, the parties consented to an order dismissing Appellees' summary judgment motion without prejudice. Subsequently, the parties conducted discovery. On September 30, 2014, the Defendant Shough Heirs filed a motion for summary judgment. Appellees filed their motion for summary judgment on October 20, 2014. Appellant responded to both motions on October 31, 2014. On December 15, 2014, the trial court entered an order denying the Defendant Shough Heirs' motion for summary judgment and granting Appellees' summary judgment motion. That order provided in pertinent part as follows:

> The Motion for Partial Summary Judgment filed by Mark [sic] Faulkner, Susan M. Eastin, Joyce Day, Linda L. Rivers and Cathy L. Krause is GRANTED, and the Court hereby ORDERS and DECREES that as heirs of Mildred K. Elliman each of those persons owns an undivided one-tenth of the oil and gas rights described in the November 7, 1964, deed from Jamie [sic] D. Shough to Mildred K. Elliman, et. al.

Order, 12/15/2014, at ¶ 2. Notably, the December 15, 2015 order does not limit Appellees' ownership to one-tenth each of the Elliman Interest. Rather, the order expressly gives Appellees one-tenth of the Oil and Gas Estate conveyed by the 1964 Deed to "Mildred K. Elliman, **et. al.**" *Id.* (emphasis added).

The docket reflects entry of an amended order dated December 23, 2014. The pertinent paragraph of that order is identical except that it correctly named "Mary" Faulkner rather than Mark (Mary, not her husband

- 5 -

Mark, is the direct descendant of Lampert) and it correctly named the Grantor as "Jennie" D. Shough.

Appellant filed a motion for reconsideration on December 26, 2014. Appellant argued the trial court's order was improper because, among other reasons, it failed to limit Appellees' ownership to the Elliman Interest. Motion, 12/26/2014, at ¶¶ 8-11. Appellant also argued that the trial court's order should be limited to Appellees' rights in the gas and not the oil. *Id.* at ¶¶ 12-16. Appellant contended Appellees' motion for summary judgment pertained only to the gas royalties because, pursuant to Connecticut law, those royalties are personal property.

The trial court granted Appellant's motion the same day and entered the following:

> AND NOW, this 26th day of December 2014, upon consideration of [Appellant's] Motion for Reconsideration and or Clarification of the December 15 Order, it is hereby ORDERED, ADJUDGED, and DECREED that said Motion be, and hereby is Granted, in part, and Paragraph 2 of the December 23, 2014 Amended Order shall be replaced by the following:
>
> The Motion for Partial Summary Judgment filed by Mark Faulkner, Susan M. Eastin, Joyce Day, Linda L. Rivers and Cathy L. Krause is GRANTED, and the Court hereby ORDERS and DECREES that Defendants Mark [sic] Faulkner, Susan M. Eastin, Joyce Day, Linda L. Rivers and Cathy L. Krause, as heirs of Mildred K. Elliman, each own an undivided one-tenth (1/10) interest of all the gas royalties and rentals severed from the property by the 1964 Deed from Jennie D. Shough to Mary F. Lampert, et. al.

Order, 12/26/2014. In accord with Appellant's motion for reconsideration, the December 26, 2014 order does not address the entire Oil and Gas

- 6 -

Estate. Rather, it pertains only to the gas royalties and rents. The December 26, 2014 order is consistent with the December 15, 2014 order, in that it gives Appellees 1/10 of the gas royalties and rents conveyed by the 1964 Deed, rather than 1/10 of the Elliman Interest,[4] as Appellees requested in their counterclaim. Thus, the trial court did not grant the relief Appellant requested in §§ 8-11 of his December 26, 2014 motion for reconsideration. Appellant did not request further reconsideration.

Appellees filed a motion for reconsideration and clarification on January 16, 2015. They asked the trial court to modify its order, pursuant to 42 Pa.C.S.A. § 5505,[5] to reflect that each of the five direct descendants of Lampert owns one-tenth of the Elliman Interest (or one-tenth of one-third of the Oil and Gas Estate). Appellees' Motion for Reconsideration, 1/16/2015,

_____

[4] The December 26, 2014 order references the "1964 Deed from Jennie D. Shough to Mary F. Lampert, et. al." rather than the deed to "Mildred K. Elliman, et. al." In either case, the trial court did not limit Appellees' claim to the Elliman Interest.

[5] Section 5505 provides as follows:

Except as otherwise provided or prescribed by law, a court upon notice to the parties may modify or rescind any order within 30 days after its entry, notwithstanding the prior termination of any term of court, if no appeal from such order has been taken or allowed.

42 Pa.C.S.A. § 5505.

at 4.[6]  Appellant filed this timely appeal on January 22, 2015, and the trial court never addressed Appellees' motion for reconsideration and clarification.

On February 2, 2015, the trial court ordered Appellant to file a concise statement of errors complained of on appeal pursuant to Pa.R.A.P. 1925(b). Appellant complied on February 23, 2015.  On March 11, 2015, the trial court filed an order indicating that it "stands by the previously filed record and opinion."  Order, 3/11/2015.  Because no such opinion existed in the record, this Court entered an order dated December 29, 2015, directing the trial court to prepare and file an opinion within 60 days.  We retained jurisdiction.

The trial court filed an opinion on March 24, 2016.  In that opinion, rather than explain the basis for its December 26, 2014 order, the trial court purportedly amended the order once again:

> Based on the aforementioned, we clarify and amend this court's Amended Order, dated December 23, 2014[7] as follows:
>
> 1. The Elliman Interest

_____

[6]  The Motion states that "Mary Faulkner, Susan M. Eastin, Joyce Day, Linda Rivers, and Cathy L. Krause each [receive a] 1/10 of 1/3 of 1/32 interest in all oil produced and 1/10 of 1/3 of 1/4 of all the gas royalties and rentals." Appellees' Motion for Reconsideration, 1/16/2015, at 4.

[7]  We do not understand why the trial court purportedly amended the December 23, 2014 order rather than the December 26, 2014 order that is the subject of this appeal.

The Elliman Interest consists of 1/3 of (1) all the 1/32 oil that shall be produced and saved from the 345.838 acres and (2) 1/4 of all the gas royalties and rentals that may be retained or reserved from the 345.838. The Elliman Interest is to be distributed as follows: (1) 50% to the heirs of Lloyd Stewart (deceased) and (2) 50% to the heirs of George Shough (son of Jennie D. Shough, deceased).

2. The Shough Interest

The Shough Interest consists of a [sic] 1/3 of (1) all the 1/32 oil that shall be produced and saved from the 345.838 acres and (2) 1/4 of all the gas royalties and rentals that may be retained or reserved from the 345.838. The Shough Interest is to be distributed equally among the heirs of George Shough (son of Jennie D. Shough, deceased).

Trial Court Opinion, 3/24/2016, at 11-12 (pagination ours).

Our December 29, 2015 order remanded to the trial court solely for preparation of an opinion. We retained jurisdiction. The trial court therefore had no jurisdiction to amend its prior order. Pa.R.A.P. 1701. Appellees asked the trial court to modify its order under § 5505 of the Judicial Code, but the court failed to do so before Appellant filed this appeal. Likewise, the trial court never filed an order purporting to correct a fatal error:

After the expiration of thirty days, the trial court loses its broad discretion to modify, and the order can be opened or vacated only upon a showing of extrinsic fraud, lack of jurisdiction over the subject matter, a fatal defect apparent on the face of the record or some other evidence of "extraordinary cause justifying intervention by the court.

***Stockton v. Stockton***, 698 A.2d 1334, 1337 (Pa. Super. 1997).

Furthermore, the trial court not only modified its order as to the Elliman Interest, it apparently reversed its denial of the Defendant Shough Heirs' motion for summary judgment. Presumably because of the trial

- 9 -

court's decision on the Shough Interest, Appellant filed a notice of appeal from the trial court's March 24, 2016 filing. We quashed that appeal given the trial court's lack of jurisdiction to enter a modified order. Furthermore, the trial court never entered its purported amended order on the docket. *See* Pa.R.A.P. 301(a)(1) ("[N]o order of court shall be appealable until it has been entered upon the appropriate docket in the lower court.").

In light of the foregoing, our review is limited to the December 26, 2014 order. The operative paragraph of that order expressly replaced the December 23, 2014 order, which in turn expressly replaced the operative paragraph of the December 15, 2014 order. The order on appeal governs Appellees' interest in gas royalties and rentals under the 1964 Deed. The order does not address Appellees' interest in oil under the 1964 Deed, nor does it address the Shough Interest. Furthermore, the order does not distinguish between the Shough Interest and the Elliman Interest.

Appellees' assert that the December 26, 2014 order is interlocutory and not appealable. We must determine whether the December 26, 2014 order is appealable. If it is not, we lack jurisdiction. "[S]ince we lack jurisdiction over an unappealable order it is incumbent on us to determine, *sua sponte* when necessary, whether the appeal is taken from an appealable order." *Kulp v. Hrivnak*, 765 A.2d 796, 798 (Pa. Super. 2000).

Appellant argues the trial court's December 26, 2014 order puts him out of court on his declaratory judgment action against Appellees. As such,

Appellant argues his appeal is properly before this Court pursuant to Pa.R.A.P. 341(b)(2),[8] which provides that an order is final if expressly deemed so by statute. Section 7532 of the Declaratory Judgments Act provides that declarations thereunder "shall have the force and effect of a final judgment or decree." 42 Pa.C.S.A. § 7532.[9] In **Pennsylvania Bankers Assoc. v. Pennsylvania Dep't of Banking**, 948 A.2d 790 (Pa. 2008), our Supreme Court noted that declaratory judgments can be final orders if they put the plaintiff out of court against some, but not all, declaratory judgment defendants. **Id.** at 795-96 (citing **Nationwide Mut. Ins. Co. v. Wickett**, 763 A.2d 813, 817-18 (Pa. 2000)). The **Pennsylvania Bankers** Court held that a declaration that narrows the plaintiff's claims—but does not put the plaintiff out of court against any party—is not a final order under § 7532. **Id.** at 797-98.

---

[8] Rule 341(b)(2) was rescinded effective April 1, 2016. We will apply it because it was in effect when Appellant filed this appeal.

[9] Appellant's causes of action for quiet title (**see** Pa.R.C.P. No. 1061) and declaratory judgment are duplicative and seek identical relief. Amended Complaint, 1/16/2013, at 7-11. There is precedent for bringing both causes of action together. **See Consol. Coal Co. v. White**, 875 A.2d 318 (Pa. Super. 2005). Section 7533 of the Declaratory Judgments Act permits a person interested under a deed to seek a declaration of rights. 42 Pa.C.S.A. § 7533. Likewise, Rule 1061 contemplates an action "to determine any right, lien, title or interest in the land…." Pa.R.C.P. No. 1061(b)(2). Neither party has addressed wither either or both causes of action applies to the present circumstances, and we therefore have no occasion to do so. We note that the rules governing quiet title actions do not provide an express definition of a final order.

Instantly, the trial court's order does not finally resolve Appellant's claim against Appellees. The parties dispute their interest in the Oil and Gas Estate severed from the Property pursuant to the 1964 Deed. The order on appeal pertains only to gas. As such, it is not a final order under § 7532 and our Supreme Court's decision in **Pennsylvania Bankers**. Appellant does not assert that the December 26, 2014 order is appealable as of right under Pa.R.A.P. 311 or appealable as a collateral order under Pa.R.A.P. 313. We perceive no basis for drawing such a conclusion. We are therefore constrained to quash this appeal for lack of jurisdiction.

Principles of jurisdiction dictate our result. Even so, we believe our result will best serve judicial economy. The trial court's March 24, 2016 opinion pertains to an order that is not of record and significantly different in substance from the order on appeal. In addition, the unrecorded order affects parties—the Defendant Shough Heirs—who did not participate in this appeal. Our result leaves the trial court free to enter its order on the trial court docket. Subsequently, Appellant can file a new notice of appeal, and the parties can tailor their appellate briefs to the trial court's order and supporting analysis. Given the trial court's apparent disposition of the Shough Interest, the Defendant Shough Heirs may wish to participate in a subsequent appeal.

Appeal Quashed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date:  7/22/2016