**Rule 311. Interlocutory Appeals as of Right.**

(a)     *General rule.*—An appeal may be taken as of right and without reference to Pa.R.A.P. 341(c) from:

\* \* \*

(8)     *Other cases.*—An order that is made final or appealable by statute or general rule, even though the order does not dispose of all claims and of all parties.

\* \* \*

**Official Note:**

\* \* \*

*Subparagraph (a)(8)*—Subparagraph (a)(8) recognizes that orders that are procedurally interlocutory may be made appealable by statute or general rule.  For example, see 27 Pa.C.S. § 8303. The Pennsylvania Rules of Civil Procedure, the Pennsylvania Rules of Criminal Procedure, etc., should also be consulted.

**See Pa.R.A.P. 341(f) for appeals of Post Conviction Relief Act orders.**

\* \* \*

**Rule 341. Final Orders; Generally.**

(a)      *General rule.*—Except as prescribed in paragraphs (d) and (e) of this rule, an appeal may be taken as of right from any final order of a government unit or trial court.

(b)      *Definition of final order.*—A final order **[is any order that]**:

(1)      disposes of all claims and of all parties; **[or]**

(2)      (Rescinded)**[.]:**

(3)      is entered as a final order pursuant to paragraph (c) of this rule**[.]; or**

**(4)      is an order pursuant to paragraph (f) of this rule.**

(c)      *Determination of finality.*—When more than one claim for relief is presented in an action, whether as a claim, counterclaim, cross-claim, or third-party claim, or when multiple parties are involved, the trial court or other government unit may enter a final order as to one or more but fewer than all of the claims and parties only upon an express determination that an immediate appeal would facilitate resolution of the entire case. Such an order becomes appealable when entered.   In the absence of such a determination and entry of a final order, any order or other form of decision that adjudicates fewer than all the claims and parties shall not constitute a final order.   In addition, the following conditions shall apply:

(1)      An application for a determination of finality under paragraph (c) must be filed within 30 days of entry of the order.   During the time an application for a determination of finality is pending, the action is stayed.

(2)      Unless the trial court or other government unit acts on the application within 30 days after it is filed, the trial court or other government unit shall no longer consider the application and it shall be deemed denied.

(3)      A notice of appeal may be filed within 30 days after entry of an order as amended unless a shorter time period is provided in Pa.R.A.P. 903(c).   Any denial of such an application is reviewable only through a petition for permission to appeal under Pa.R.A.P. 1311.

(d)      *Superior Court and Commonwealth Court orders.*—Except as prescribed by Pa.R.A.P. 1101 no appeal may be taken as of right from any final order of the Superior Court or of the Commonwealth Court.

(e)    *Criminal orders.*—An appeal may be taken by the Commonwealth from any final order in a criminal matter only in the circumstances provided by law.

**(f)    *Post Conviction Relief Act orders.***

**(1)    An order granting, denying, dismissing, or otherwise finally disposing of a petition for post-conviction collateral relief shall constitute a final order for purposes of appeal.**

**(2)    An order granting sentencing relief, but denying, dismissing, or otherwise disposing of all other claims within a petition for post-conviction collateral relief, shall constitute a final order for purposes of appeal.**

**Official Note:**

*Related Constitutional and statutory provisions*—Section 9 of Article V of the Constitution of Pennsylvania provides that ''there shall be a right of appeal from a court of record or from an administrative agency to a court of record or to an appellate court.''  The constitutional provision is implemented by 2 Pa.C.S. § 702, 2 Pa.C.S. § 752, and 42 Pa.C.S. § 5105.

*Criminal law proceedings—Commonwealth appeals*—Orders that do not dispose of the entire case that were formerly appealable by the Commonwealth in criminal cases under Pa.R.A.P. 341 are appealable as interlocutory appeals as of right under paragraph (d) of Pa.R.A.P. 311.

*Final orders—pre- and post-1992 **[P]p**ractice*—The 1992 amendment generally eliminated appeals as of right under Pa.R.A.P. 341 from orders that do not end the litigation as to all claims and as to all parties.  Prior to 1992, there were cases that deemed an order final if it had the practical effect of putting a party out of court, even if the order did not end the litigation as to all claims and all parties.

*    *    *

The 1997 amendments to paragraphs (a) and (c), substituting the conjunction ''and'' for ''or,'' are not substantive.  The amendments merely clarify that by definition any order that disposes of all claims will dispose of all parties and any order that disposes of all parties will dispose of all claims.

*Rescission of subparagraph (b)(2)*—Former subparagraph (b)(2) provided for appeals of orders defined as final by statute.  The 2015 rescission of subparagraph (b)(2) eliminated a potential waiver trap created by legislative use of the adjective ''final'' to describe orders

that were procedurally interlocutory but nonetheless designated as appealable as of right. Failure to appeal immediately an interlocutory order deemed final by statute waived the right to challenge the order on appeal from the final judgment. Rescinding subparagraph (b)(2) eliminated this potential waiver of the right to appeal. If an order designated as appealable by a statute disposes of all claims and of all parties, it is appealable as a final order pursuant to Pa.R.A.P. 341. If the order does not meet that standard, then it is interlocutory regardless of the statutory description. Pa.R.A.P. 311(a)(8) provides for appeal as of right from an order that is made final or appealable by statute or general rule, even though the order does not dispose of all claims or of all parties and, thus, is interlocutory. Pa.R.A.P. 311(g) addresses waiver if no appeal is taken immediately from such interlocutory order.

One of the further effects of the rescission of subparagraph (b)(2) is to change the basis for appealability of orders that do not end the case but grant or deny a declaratory judgment. *See Nationwide Mut. Ins. Co. v. Wickett,* 763 A.2d 813, 818 (Pa. 2000); Pa. *Bankers Ass'n v. Pa. Dep't of Banking*, 948 A.2d 790, 798 (Pa. 2008). The effect of the rescission is to eliminate waiver for failure to take an immediate appeal from such an order. A party aggrieved by an interlocutory order granting or denying a declaratory judgment, where the order satisfies the criteria for "finality" under *Pennsylvania Bankers Association*, may elect to proceed under Pa.R.A.P. 311(a)(8) or wait until the end of the case and proceed under subparagraph (b)(1) of this rule.

An arbitration order appealable under 42 Pa.C.S. § 7320(a) may be interlocutory or final. If it disposes of all claims and all parties, it is final, and, thus, appealable pursuant to Pa.R.A.P. 341. If the order does not dispose of all claims and all parties, that is, the order is not final, but rather interlocutory, it is appealable pursuant to Pa.R.A.P. 311. Failure to appeal an interlocutory order appealable as of right may result in waiver of objections to the order. *See* Pa.R.A.P. 311(g).

*Paragraph (c)—Determination of finality—*Paragraph (c) permits an immediate appeal from an order dismissing less than all claims or parties from a case only upon an express determination that an immediate appeal would facilitate resolution of the entire case. Factors to be considered under paragraph (c) include, but are not limited to:

     (1)    whether there is a significant relationship between adjudicated and unadjudicated claims;

     (2)    whether there is a possibility that an appeal would be mooted by further developments;

     (3)    whether there is a possibility that the court or government unit will consider issues a second time; and

(4)    whether an immediate appeal will enhance prospects of settlement.

The failure of a party to apply to the government unit or trial court for a determination of finality pursuant to paragraph (c) shall not constitute a waiver and the matter may be raised in a subsequent appeal following the entry of a final order disposing of all claims and all parties.

Where the government unit or trial court refuses to amend its order to include the express determination that an immediate appeal would facilitate resolution of the entire case and refuses to enter a final order, a petition for permission to appeal under Pa.R.A.P. 1311 of the unappealable order of denial is the exclusive mode of review.  The filing of such a petition does not prevent the trial court or other government unit from proceeding further with the matter pursuant to Pa.R.A.P. 1701(b)(6).  Of course, as in any case, the appellant may apply for a discretionary stay of the proceeding below.

Subparagraph (c)(2) provides for a stay of the action pending determination of an application for a determination of finality.  If the application is denied, and a petition for permission to appeal is filed challenging the denial, a stay or *supersedeas* will issue only as provided under Chapter 17 of these rules.

In the event that a trial court or other government unit enters a final order pursuant to paragraph (c) of this rule, the trial court or other government unit may no longer proceed further in the matter, except as provided in Pa.R.A.P. 1701(b)(1)—(5).

***Paragraph (f)—Post Conviction Relief Act Orders—A failure to timely file an appeal pursuant to paragraph (f)(2) shall constitute a waiver of all objections to such an order.***