J-A24023-22

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| LANGSAM STEVENS SILVER & HOLLAENDER, LLP | : : : : : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| v. | : : : : | |
| LOUISE COURTNEY AND ACE USA AND ACE GLOBAL SOLUTIONS AND ARCH INSURANCE COMPANY AND ACE-INA AND INDEMNITY INSURANCE COMPANY OF NORTH AMERICA AND ACE AMERICAN INSURANCE COMPANY AND PHILIP YACHMETZ AND PINEAPPLE VILLAGE CONDOMINIUM ASSOCIATION, INC. AND CARL HAGELSTRUM | : : : : : : : : : : : : : : | No. 548 EDA 2022 |
| APPEAL OF: LOUISE COURTNEY | : | |

Appeal from the Order Entered September 9, 2021
In the Court of Common Pleas of Philadelphia County
Civil Division at No(s): 191200236

BEFORE: PANELLA, P.J., BENDER, P.J.E., and SULLIVAN, J.

MEMORANDUM BY PANELLA, P.J.:　　　　　　**FILED JANUARY 10, 2023**

Louise Courtney appeals from the order denying her "Petition to Strike/Open Discontinuance, Strike Satisfaction, and Clarify Order of July 24, 2020." In that petition, filed May 11, 2021, Courtney sought to modify the language used by the trial court in the July 24, 2020 order that granted Langsam Stevens Silver & Hollaender, LLP's ("Langsam Stevens") motion for judgment on the pleadings in Langsam Stevens's declaratory judgment

action.[1] We conclude the trial court correctly declined to exercise jurisdiction over Courtney's petition, and therefore affirm.

Courtney, who claims to be a resident of Texas, owned a condominium in the United States Virgin Islands. In January 2012, Courtney retained Langsam Stevens to prosecute a civil suit against her condominium association, Pineapple Village Condominium Association, Inc., and any other responsible party after water allegedly infiltrated her unit, resulting in toxic mold.

As part of the fee agreement, Courtney agreed that Langsam Stevens would take, as its fees, 60% of any resulting gross award. The fee agreement explicitly states that Langsam Stevens had recommended Courtney take 60% of the award after expenses. However, Courtney was "concerned that expenses [would] deeply erode [her] recovery," so she preferred "the 40% … of gross recovery used in this agreement." The second paragraph of the fee agreement reinforced this arrangement: "All [e]xpenses related to this litigation shall be paid by [Langsam Stevens.] Louise Courtney shall not be responsible for any fees relating to this litigation."

The fee agreement also provided for a power of attorney allowing Langsam Stevens to settle the claim. In 2015, Langsam Stevens exercised its

---

[1] As set forth more fully below, the trial court did not grant all of Langsam Stevens's requested relief but did fully address the proper construction of the underlying order of the Superior Court of the U.S. Virgin Islands.

apparent authority and agreed to settle the claim for $150,000. Courtney claimed that she had rescinded the power of attorney and refused to execute the written settlement agreement. Langsam Stevens withdrew from the case. Pineapple Village and its co-defendants moved to enforce the settlement agreement. In August 2019, the Superior Court of the U.S. Virgin Islands granted the motion and directed Courtney to execute the settlement agreement.

Several months later, Langsam Stevens filed a complaint in the Court of Common Pleas of Philadelphia County seeking a declaratory judgment that, among other forms of requested relief, allowed Langsam Stevens to execute the settlement agreement on behalf of Courtney. Important to this appeal, Langsam Stevens sought approval for its intention, upon receipt of funds from various insurance companies pursuant to the settlement agreement, to issue a check to Courtney for $60,000 "less any reimbursement due to Medicare[.]"

Courtney, represented by current counsel, filed preliminary objections to the complaint. The trial court overruled Courtney's preliminary objections, and the case proceeded until Langsam Stevens moved for judgment on the pleadings.

Attached to its motion, Langsam Stevens provided a proposed order. The proposed order awarded Langsam Stevens the same eight remedies Langsam Stevens requested in its complaint:

> A.    The retainer agreement between Louise Courtney and [Langsam Stevens] attached to the amended complaint as Exhibit

- 3 -

"A" is binding upon Louise Courtney as to all parties in this matter to the full extent it has been determined to be by the Superior Court of the Virgin Islands in the order entered August 15, 2019 in number ST-11-CV-73 by res judicata or collateral estoppel.

B.     Denise A. Kuestner, a partner of [Langsam Stevens] is authorized to execute the release attached to the amended complaint as Exhibit "B" and deliver it to counsel for the defendants in the Courtney v. Pineapple Village matter. Execution of that release by Ms. Kuestner shall be the equivalent of and of equally binding legal effect as if it had been executed by Louise Courtney.

C.     Ace USA, Ace Global Solutions, Arch Insurance Company, ACE – INA, Indemnity Insurance Company of North America, Ace American Insurance, Philip Yachmetz, Carl Hagelstrum and Pineapple Village Condominium Association, Inc. may rely upon the executed release by Denise A. Kuestner, Esquire and all of its terms as binding upon Louise Courtney as may all entities and individuals identified as releasees in that release.

D.     One or more of the insurance company defendants, as their interest may appear, shall issue a check(s) in the total amount of $150,000 payable to [Langsam Stevens as attorneys for Louise Courtney] and deliver it to Denise A. Kuestner….

E.     [Langsam Stevens] and its associated attorneys, and J. Russell B. Pate, Edward L. McCandless and Henry Langsam have fulfilled all obligations to Louise Courtney pursuant to Exhibit "A" and any separate agreement between J. Russell B. Pate and Louise Courtney with respect to Courtney's claims against Pineapple Village Condominium Association as described in the Release attached to the amended complaint as Exhibit "B".

F.     Louise Courtney has and shall have no recourse against [Langsam Stevens] and its associated attorneys, Denise A. Kuestner, J. Russell B. Pate, Edward L. McCandless and Henry Langsam as to any aspect of the attorney client relationship between Louise Courtney and [Langsam Stevens], Henry Langsam, Edward McCandless, and/or J. Russell B. Pate.

G.     Upon receipt and availability of the settlement funds, [Langsam Stevens] shall issue a check payable to Louise Courtney in the net amount of $60,000.00 less any reimbursement due to

Medicare which, upon issuance and mailing, fulfills all remaining obligations of [Langsam Stevens] Silver & Hollaender LLP derived from an attorney client relationship between Louise Courtney and Langsam Stevens Silver & Hollaender LLP.

H.     With respect to concluding any claim for reimbursement due to Medicare, Langsam Stevens Silver & Hollaender LLP is authorized to continue to act in accordance with Exhibit "A" of the amended complaint for the purpose of fulfilling all obligations that may be owed to Medicare or its designees because of the claim of Louise Courtney against Pineapple Village Condominium Association as described in paragraph 3 of this complaint.

Motion for Judgment on the Pleadings, 6/12/20, proposed order.

After receiving briefs, the trial court granted judgment on the pleadings in part on July 24, 2020. Specifically, the court utilized Langsam Stevens's proposed order, but crossed out paragraphs E and F, citing ***Silvagni v. Shorr***, 113 A.3d 810 (Pa. Super. 2015) (observing that a client cannot maintain a legal malpractice claim against their attorney for attorney's representation while settling a case absent a showing that the attorney fraudulently induced the client to settle).[2] ***See*** Order, 7/24/20. In December 2020, Langsam Stevens filed a praecipe to mark the case settled, discontinued and ended.

---

[2] The order granting judgment on the pleadings in part constituted a final order, as it resolved all claims of all parties. The court's refusal to grant Langsam Stevens the relief it requested in paragraphs E and F was a definitive ruling on the issues involved. No party has claimed that any claim was left unresolved after this order. ***See Nationwide Mut. Ins. Co. v. Wickett***, 763 A.2d 813, 818 (Pa. 2000) (holding that "an order in a declaratory judgment action that either affirmatively or negatively declares the rights and duties of the parties constitutes a final order").

In May 2021, nearly ten months after the order was entered, Courtney filed a petition to strike or open the judgment. She argued that the July 24, 2020 order improperly contradicted the terms of the fee agreement she had with Langsam Stevens, and that therefore the order should be opened, stricken, or clarified to comport with the fee agreement's terms. The trial court subsequently denied Courtney's petition, and this timely appeal followed.

On appeal, Courtney once again focuses on her belief that the July 24, 2020 order contradicts her fee agreement with Langsam Stevens. In particular, she complains the order requires any reimbursement owed to Medicare be deducted from her share of the award, and not from Langsam Stevens's. *See* Order, 7/27/20, at ¶ G. There is clearly some tension between the two documents, as the fee agreement provides that Langsam Stevens would "pay out of their 60% fees of settlement or trial any unpaid bills, including medical bills for treatment or services made necessary by the injuries sustained …" Fee Agreement, 1/24/12, at ¶ 2.

However, as noted by both the trial court and Langsam Stevens, there are only two possible conclusions we can reach under the procedural history of this case. Either Courtney did not object to paragraph G in response to Langsam Stevens's motion for judgment on the pleadings, in which instance Courtney has waived the issue, *see* Pa.R.A.P. 302, or she did object, and the trial court, either intentionally or through inadvertence, included paragraph G in its order, in which instance Courtney was required to seek a correction in

the trial court or file an appeal by August 24, 2020, *see* 42 Pa.C.S.A. § 5505; Pa.R.A.P. 903.

Nonetheless, Courtney contends the court was empowered to "clarify" a patent mistake in its order. *See* Appellant's Brief, at 17. We disagree. First, Courtney has not identified an inherent ambiguity in paragraph G to be clarified. To the contrary, all parties agree that paragraph G requires any Medicare reimbursement to be taken from Courtney's 40% share. As such, Courtney has not established any need to clarify the order.

Second, while a court has continuing jurisdiction to clarify or correct technical errors in its orders, its jurisdiction to correct substantive errors is limited to 30 days, absent some other grant of jurisdiction to the court. *Manufacturers & Traders Trust Co. v. Greenville Gastroenterology, SC*, 108 A.3d 913, 921 (Pa. Super. 2015). Changing the order to make Langsam Stevens responsible for the Medicare reimbursement is a substantive change. Therefore, the trial court could not make the change pursuant to its inherent power to correct mistakes. And Courtney has not identified any other grant of jurisdiction that would allow the court to make this change.[3]

Accordingly, Courtney has failed to establish that the trial court erred in denying her petition to open, strike, or clarify. Since she is due no relief on

---

[3] While Courtney makes passing reference to the court's power to correct due to extrinsic fraud or for other extraordinary cause, we conclude she has not established either assertion in this matter.

appeal whether or not she properly preserved the issue for our review, we deny Langsam Stevens's application to quash as moot.

Order affirmed. Application to quash denied as moot.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 1/10/2023